IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA PLAINTIFF/RESPONDENT

V. No. 5:10-CR-50106
No. 5:12-CV-05200

MIGUEL ORTEGA DEFENDANT/PETITIONER

**REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 43) filed September 5, 2012, under 28 U.S.C. §2255. The Government filed its Response (ECF No. 47) on October 23, 2012. The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

**I. Background**

On September 15, 2010, Miguel Ortega, the Petitioner in this case was indicted on Count One and the Forfeiture Allegation of an Indictment in the Western District of Arkansas charging him with a conspiracy to distribute methamphetamine (ECF No. 1).

On July 25, 2011, the Petitioner appeared with appointed counsel, Tim Snively, and pled guilty to an information filed by the government which charged him with one count of use of a communications facility (a cell phone) to further a drug trafficking crime (the distribution of methamphetamine). (ECF No. 37). In the plea agreement, the United States agreed to dismiss the indictment filed in this case. (ECF No. 38, ¶ 1).

The Petitioner appeared with counsel, Tim Snively, for sentencing on November 18, 2011. (ECF No. 39). The Court then proceeded to sentence the Petitioner to 48 months of

imprisonment; 1 year supervised release, a $10,000 fine, and a $100 special assessment. (ECF No. 42). On September 5, 2012 the Petitioner filed the current motion under 2255 contending he received ineffective assistance of counsel (ECF No. 43).

## II. Discussion

### A. Ineffective Assistance of Counsel:

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted).

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

**1. Failure to seek departure under AG Memorandum dated April 28, 1995**

The Defendant first contends that his attorney was ineffective for failing to inform him of and argue for a downward departure based on Petitioner's willingness to waive his right to a deportation hearing following the completion of his sentence under the Attorney General Memorandum dated April 28, 1995 [1]. (ECF No. 43, pp. 4-5). The Defendant was sentenced on November 18, 2011(ECF No. 39) but did not waive his deportation hearing until August 27, 2012. (ECF No. 43, p. 17).

The Eighth Circuit has held that departures for a waiver of deportation rights may be warranted in some circumstances. *See United States v. Cruz-Ochoa*, 85 F.3d 325, 325-26 (8th Cir. 1996). However, failure to move for a downward departure would not, per se, constitute ineffective assistance of counsel. *See United States v. Sera*, 267 F.3d 872, 873-75 (8th Cir.2001) (holding trial counsel's failure to move for a downward departure for a deportable alien's willingness to waive resistance to deportation did not constitute ineffective assistance of counsel).

The Defendant must demonstrate that he had a colorable, non-frivolous defense to deportation. *See U.S. v. Ramirez-Marquez* 372 F.3d 935, 938 (C.A.8 (Minn.),2004) (We hold a defendant seeking a downward departure for waiving deportation rights must demonstrate a colorable, non-frivolous defense to deportation and show a waiver of that defense would substantially assist the administration of justice). The Defendant has put forth no defense to his deportation and no basis for any downward departure. See *United States v. Marin- Castaneda*,

---

[1] See Memorandum from The Attorney General to All Federal Prosecutors Regarding Deportations of Criminal Aliens (April 28, 1995) available at http://www.justice.gov/ag/readingroom/deportation95.htm.

134 F.3d 551, 555-556 (3rd Cir.1998)("[A] defendant without a nonfrivolous defense to deportation presents no basis for downward departure under section 5K2.0 by simply consenting to deportation...."); *United States v. Mignott*, 184 F.3d 1288, 1291 (11th Cir.1999)(agreeing with *Clase-Espinal* and holding that "a defendant's consent to a deportation against which he has no apparent defense would be a meaningless concession that fails to remove him from the heartland of other alien criminal defendants facing deportation.").

The Defendant's argument is without merit. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

**2. Failing to argue that to the Court that Petitioner should be sentenced to supervised release and immediately deported.**

The Defendant next argues that his attorney was ineffective for not arguing that he be ordered deported as a condition of his supervised release. (ECF No. 43, p. 6). The Defendant contends that this is an "effective tool in obtaining the removal of criminal aliens." (Id., p. 7).

The Defendant references 18 U.S.C.A. § 3583 which provides in part that "If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C.A. § 3583(d). The Defendant, however, does not take note that a term of supervised release is a term that follows a term of imprisonment. *See 18 U.S.C. § 3583(a)* ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, **may** include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment").

The Defendant seems to have a misplaced belief that he can enter the country illegally,

engage in criminal activity, and, when apprehended, suffer merely the consequence of deportation. The Defendant had an Adjusted Offense Level of 38 (PSR, p. 9) and after being granted -3 points for acceptance of responsibility had a Total Offense Level of 35. (Id., p. 10). The PSR noted that "Based on a total offense level of 35 and a criminal history category of I, the guideline range for imprisonment is 168 to 210 months. However, pursuant to the provision of §5G1.1(a), the applicable guideline range may not be greater than the statutorily authorized maximum sentence. Therefor, the guideline rang is 48 month" (Id., p. 13). That was the sentence the Defendant received because his attorney had negotiated with the government to reduce the charge.

The Defendant's argument is without merit. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

**B. Evidentiary Hearing**

Defendant does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). The Defendant's claims are clearly contradicted by the record.

## III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this January 31, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE